[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12924
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80123-CR-DTKH

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

OMARI SHARIFA COLEY,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 14, 2009)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Omari Sharifa Coley appeals the district court's denial of his 18 U.S.C. §

3582 motion for a reduced sentence.

## I.

In 2003 Coley pleaded guilty to possessing crack cocaine with intent to distribute it, in violation of 21 U.S.C. § 841, and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Coley was designated as a career offender under § 4B1.1 based on prior convictions for selling cocaine and carrying a concealed firearm.

Coley's initial offense level was 23 based on the amount of crack cocaine he possessed, and he had a criminal history category of III. But because of his career offender status, Coley's offense level increased to 31 and his criminal history category to VI. Accordingly, Coley faced a prospective sentence of 188 to 235 months imprisonment on the crack cocaine count, plus a mandatory consecutive minimum of 60 months on the firearm count. To reward Coley for testifying against other defendants, the government filed a § 5K1.1 motion seeking a downward departure in his sentence. That 5K1.1 motion freed the court from the mandatory sentencing guidelines pre-Booker. See U.S.S.G. § 5K1.1 ("Upon motion of the government stating that the defendant has provided substantial assistance . . . the court may depart from the guidelines."). At Coley's sentencing hearing, the district court asked defense counsel what Coley's guidelines sentence

would have been if not for the career offender status. Counsel answered that the crack cocaine count would carry a guidelines range of 78 to 97 months under the original calculation, based on the amount of crack cocaine involved.[1] The court eventually sentenced Coley to 84 months on the crack cocaine count, plus 36 consecutive months for the firearm count.

Amendment 706 to the sentencing guidelines reduced the offense levels that apply based on the quantity of crack cocaine attributed to a defendant. After Amendment 713 made that change retroactive, Coley filed a § 3582(c)(2) motion seeking a reduction in his sentence. The district court denied that motion because Coley was sentenced as a career offender under U.S.S.G. § 4B1.1, meaning that Amendment 706 did not lower his applicable guidelines range. Accordingly, the court found that Coley's motion was outside the proper scope of § 3582(c)(2).

## II.

"We review <u>de novo</u> a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." <u>United States v. James</u>, 548 F.3d 983, 984 (11th Cir. 2008).

Coley contends that the district court erred in determining that he was not

---

[1] Counsel miscalculated slightly by forgetting the three-level reduction for acceptance of responsibility. The right answer would have been 57 to 71 months, not including the mandatory consecutive 60 months for the firearm charge.

eligible for § 3582(c)(2) relief because (1) he no longer qualifies as a career offender after United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), and (2) his sentence was based, at least in part, on his initial guideline range calculated under U.S.S.G. § 2D1.1—the drug quantity guideline altered by Amendments 706 and 713.

Coley's first argument is not cognizable under § 3582. His assertion that he is no longer a career offender after Begay and Archer asks us to revisit the application of § 4B1.1, not the crack cocaine quantity guideline at § 2D1.1. Section 4B1.1, unlike § 2D1.1, has not been amended since Coley's sentencing, and § 3582 proceedings do not encompass challenges to the application of guidelines that have not been retroactively amended. See U.S.S.G. § 1B1.10(b) ("the court shall substitute only [retroactively amended guidelines] . . . that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) ("[W]e have held that all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."); id. at 782 (stating that "extraneous resentencing issues" are not cognizable in § 3582 motions, and must be brought as § 2255 collateral attacks on the sentence). Coley has brought a separate § 2255

4

motion raising his Begay and Archer issue, and it is addressed in Coley v. United States, 08-15962.

Coley's second argument is that his actual sentence was based, in part, on the application of the crack cocaine quantity guideline instead of the career offender one. Section 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Coley appears to concede that ordinarily a prisoner whose guidelines range was set by the career offender guideline rather than the crack cocaine quantity guideline is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that "although Amendment 706 would reduce the base offense levels applicable to [these] defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1" and thus denying relief under § 3582(c)(2)).

Coley argues, however, that although his final guideline range was set by the career offender guideline, his actual sentence was "based on a sentencing range that has subsequently been lowered" under § 3582(c)(2). He points out that the district court was freed from the constraints of the career offender guideline by the

5

government's § 5K1.1 motion for a downward departure. And in searching for guidance about how much to depart in Coley's case, the court asked his counsel what his (crack cocaine) guidelines range would have been had the career offender provision not applied. The court then sentenced Coley within that range on the crack cocaine count.[2] Coley's theory, which is plausible, is that the district court did "base" its actual sentence on what it believed his crack cocaine guideline was at the time. That guideline has since been reduced two levels by Amendments 706 and 713, so Coley argues that he should be allowed a sentence reduction under § 3582(c)(2).

Coley correctly notes that Moore does not control. In Moore, one of the defendants was sentenced under the career offender guideline range but received a § 5K1.1 downward departure, just like Coley. 541 F.3d at 1330. However, in Moore there was no correlation between the actual sentence received and guideline range calculated before adding on the defendant's career offender status; the district court in Moore apparently never asked what the original range had been. We pointed out that there was no "indication that the court based Moore's sentence on the guideline range that would have applied absent the career offender designation. Thus . . . there is no basis for concluding that the reduction of Moore's

_____

[2] More specifically, within the range that counsel told the court would have applied to Coley; counsel was slightly off. See supra note 1.

6

base offense level lowered the sentencing range relied upon by the district court in determining his sentence." Id. at 1330. Moore did not say, and could not have held, what would have happened if the district court in that case had relied on the crack cocaine quantity guideline in deciding how much to reduce Moore's sentence.

But that question is answered by another requirement embedded in § 3582—one that sinks Coley's argument. Section 3582 requires that any application of that statute be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). See United States v. Williams, 549 F.3d 1337, 1341 (11th Cir. 2008) (stating that "we must treat such commentary [in the policy statements] as binding").

The applicable policy statement is U.S.S.G. § 1B1.10, which states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if— . . . (B) [a retroactive amendment]. . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). Thus, the policy statement requires Coley to show that his actual applicable guideline range was lowered by Amendments 706 and 713. It is not enough for Coley to have made a plausible argument that the district court, departing downward from his applicable guideline

range, used Coley's crack-cocaine-quantity-based guideline range as a suggestion to inform its discretion in fashioning a sentence for Coley.

The simple fact is that Coley's <u>applicable guidelines range</u> was 188 to 235 months, and it was based on § 4B1.1— the career offender guideline. That range was not changed at all by Amendments 706 or 713, which changed only § 2D1.1— the crack cocaine quantity guideline. <u>See generally</u> <u>Williams</u>, 549 F.3d at 1342 (observing that because the defendant "was subject to a statutory mandatory minimum that replaced his original sentencing guideline range, he was not sentenced according to the base offense level in § 2D1.1, even taking into account the § 5K1.1 downward departure" and so he could not get a § 3582(c)(2) sentence reduction based on the policy statements). Accordingly, the district court properly denied Coley's § 3582(c)(2) motion.

**AFFIRMED.**